IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jacob Adoni, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>    - against -<br><br>Citicorp Credit Services, Inc. (USA),<br><br>      Defendant | Case No. 2:21-cv-02108<br><br>Class Action Complaint<br><br>Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. Citicorp Credit Services, Inc. (USA) ("defendant") markets, distributes and promotes Home Depot credit cards with "add-on" services that purport to cancel a cardholder's balance upon occurrence of a qualifying event ("Product" or "Balance Protect").[1]

2. The cost is a monthly fee that may be $0.99 for each $100 of a cardholder's balance.

3. Balance protection insurance is virtually worthless to almost all cardholders due to the inability to qualify for coverage under its terms.

4. Defendant markets and sells Balance Protect through its agents at point-of-sale terminals in retail stores and through its call centers.

5. Defendant enrolled persons such as plaintiff through a small point-of-sale terminal.

6. Plaintiff and prospective and active cardholders were not informed they were enrolling in Balance Protect.

7. Plaintiff and prospective and active cardholders were not informed of the limitations, eligibility restrictions and costs of Balance Protect at the time they were enrolled.

---

[1] "Add-on" products include credit monitoring and identity theft protection.

8. Defendant utilized pin-pad screen sequences with the Balance Protect option in the middle of the application as one of the "click through" question screens.

9. This caused prospective cardholders, like plaintiff, to conflate signing up for the credit card and enrollment in Balance Protect and made it more likely they would not realize that were enrolling in Balance Protect in addition to signing up for the store card.

10. Plaintiff and consumers received unclear written prompts which made them think they were only acknowledging their application for the Home Depot credit card instead of enrolling in Balance Protect.

11. The confirmation screen text was formatted to avoid providing clear and conspicuous notification of enrollment in Balance Protect.

12. In-store agents of defendant and Home Depot were incentivized to enroll customers into add-on products like Balance Protect.

13. When plaintiff and consumers inquired about the ambiguous confirmation screens and raised questions about what they were signing up for, defendant's agents reassured them it was only for the store credit card.

14. Defendant failed to properly train its representatives to adequately disclose terms and existence of Balance Protect to plaintiff prior to completion of the enrollment process.

15. When cardholders contacted defendant's customer service, they were given ambiguous and inaccurate information regarding their enrollment and cancellation options for Balance Protect.

16. When cardholders sought to cancel Balance Protect, defendant's agents failed to adequately follow these requests.

17. Defendant charged cardholders during the trial period.

18. The enrollment of consumers into Balance Protect was addressed in a 2015 Consent Order between the Consumer Financial Protection Bureau ("CFPB") and defendant, Citibank, N.A. and Department Stores National Bank. *In the Matter of Citibank, N.A., et al*, No. 2015-CFPB-0015 (July 21, 2015), Doc. 2 ("Stipulation and Consent to the Issuance of a Consent Order").

19. The Consent Order required defendant to pay no less than $700,000,000 in restitution to approximately 9 million cardholders.

20. Where a cardholder was signed up for Balance Protect for up to 12 months, they were supposed to be refunded all fees paid for this service.

21. Where a cardholder was signed up for Balance Protect for more than 12 months, they were not refunded fees beyond 12 months.

22. The Consent Order did not require defendant to cancel a cardholder's enrollment in the Balance Protector service.

23. The Consent Order required defendant to develop and implement a Compliance Plan to inform Balance Protect enrollees of the restrictions, possible benefits, fees, costs, expenses, charges, and billing practices of this service.

24. Defendant's Compliance Plan was deficient in that it did not cancel the enrollment of cardholders like plaintiff, who never affirmatively consented to the Balance Protector service.

25. Defendant knew or should have known through reasonable diligence, of conditions that would make Balance Protect customers ineligible for some or all benefits of the service and was obligated to inform them.

26. Defendant engaged in deceptive, misleading and unfair acts by failing to cancel plaintiff's enrollment in the Balance Protector service and refund all fees paid by plaintiff.

27. When plaintiff and class members contacted defendant about Balance Protect after

the Consent Order, they were not provided clear information about the service, its conditions, limitations, fees and ability to cancel.

28. Defendant regularly and consistently denies and constructively denies claims of class members who sought to invoke the Balance Protect coverage due to qualifying events.

29. Had plaintiff and the proposed class members known the truth, they would never have signed up for Balance Protect.

## Jurisdiction and Venue

30. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

31. Plaintiff Jacob Adoni is a citizen of New York.

32. Defendant Citicorp Credit Services, Inc. (USA) is a Delaware corporation with a principal place of business in Jacksonville, Duval County, Florida.

33. Diversity exists because plaintiff Jacob Adoni and defendant are citizens of different states.

34. Upon information and belief, sales of the Product and any available statutory and other monetary damages, exceed $5 million during the applicable statutes of limitations, exclusive of interest and costs.

35. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred here – plaintiff's purchase of the Product.

36. Venue is further supported because many class members reside in this District.

## Parties

37. Plaintiff Jacob Adoni is a citizen of Oyster Bay, Nassau County, New York.

38. Defendant Citicorp Credit Services, Inc. (USA) is a Delaware corporation with a principal place of business in Jacksonville, Florida, Duval County.

39. Defendant is one the nation's largest credit card companies, and issues store-branded credit cards for hundreds of retailers including Home Depot.

40. Plaintiff was signed up for Balance Protect without his knowledge in or around 2008, at a Home Depot store on Long Island.

41. When plaintiff contacted the number next to the line-item of Balance Protect on his statement, he was given conflicting and confusing information including its cost, eligibility and what it covers.

42. Plaintiff did not receive a refund of all money he paid towards Balance Protect.

43. Plaintiff's balance has hovered around $4,000, which means his monthly fee for Balance Protect is over $40.

44. Plaintiff was signed up for Balance Protect for over 12 months at the time of the July 2015 Consent Order.

45. Plaintiff was entitled to receive a refund of the full amount of money he paid for Balance Protect but did not receive such a refund.

46. Plaintiff never affirmatively consented to sign up for Balance Protect.

<u>Class Allegations</u>

47. The class will consist of all cardholders in New York who were signed up for Balance Protect without their affirmative consent, who were not eligible for some or all of the benefits of Balance Protect, such as self-employed persons, and who were not refunded all monies paid for Balance Protect as a result of the Consent Order and defendant's failure to adhere to the Compliance Plan.

48. Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

49. Common questions of law or fact predominate and include whether defendant's representations, marketing and charges were and are misleading and if plaintiff and class members are entitled to damages and refunds.

50. Plaintiff's claims and bases for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

51. Plaintiff is an adequate representative because his interests do not conflict with other members.

52. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

53. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

54. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

55. Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>New York General Business Law ("GBL") §§ 349 & 350</u>
<u>(Consumer Protection Statutes)</u>

56. Plaintiff incorporates by reference all preceding paragraphs.

57. Plaintiff and class members were signed up for Balance Protect without their affirmative consent, and when they did not meet some or all the criteria to seek the benefits of Balance Protect upon occurrence of a qualifying event.

58. The utility of Balance Protect is outweighed by the harm to cardholders, in the amount of the additional amounts that must be paid monthly.

59. Defendant failed to cancel the Balance Protect enrollment of persons who were signed up without their knowledge.

60. Defendant failed to fully refund those who were signed up for Balance Protect, with and without their knowledge.

61. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

62. Plaintiff and class members relied on defendant's omissions, when they were not told that they were signed up for Balance Protect.

63. Class members who experienced qualifying events were consistently and uniformly denied coverage under Balance Protect.

## Breach of Contract

64. Defendant breached the agreement with cardholders who signed up for Balance Protect, with or without their knowledge, by failing to carry out its obligations when claims were submitted, and refund cardholders.

65. Defendant breached the implied covenant of good faith and fair dealing in its practices.

## Fraud

66. Defendant signed up prospective and active cardholders for Balance Protect without

their knowledge and failed to adequately explain or inform them of its limitations, including the uniform denial of coverage upon qualifying events.

67. Defendant failed to refund all monies paid for Balance Protect where a cardholder was not eligible for some or all the benefits of Balance Protect or was enrolled without their knowledge.

68. Defendant's fraudulent intent is evinced by its failure to adequately refund all Balance Protect fees incurred by customers who it signed up for Balance Protect without their knowledge.

## Unjust Enrichment

69. Defendant obtained and retained benefits and monies due to cardholders' continued enrollment in Balance Protect.

70. Plaintiff and class members seek disgorgement and restitution of monies retained by defendant.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct and cease the challenged practices;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages, statutory damages pursuant to any statutory claims and

interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   April 18, 2021

                                                                     Respectfully submitted,

                                                                     Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cutter Mill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
spencer@spencersheehan.com

2:21-cv-02108
United States District Court
Eastern District of New York

Jacob Adoni, individually and on behalf of all others similarly situated,

                      Plaintiff,

    - against -

Citicorp Credit Services, Inc. (USA),

                      Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
 60 Cuttermill Rd Ste 409
 Great Neck NY 11021-3104
    Tel: (516) 268-7080
    Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: April 18, 2021

                                                                    /s/ Spencer Sheehan
                                                                      Spencer Sheehan