IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACOB ADONI, on behalf of himself and all others similarly situated, | : : : |
| Plaintiff, | : CIVIL ACTION NO. 2:21-cv-02108-JMA-AYS : |
| v. | : : |
| CITICORP CREDIT SERVICES, INC. (USA), | : : : |
| Defendant. | : : |

**DECLARATION OF ANDREW GRAYOT IN SUPPORT OF
DEFENDANT CITIBANK, N.A.'S RENEWED MOTION TO COMPEL ARBITRATION**

I, ANDREW GRAYOT, hereby declare as follows:

1. I submit this declaration in response to the Court's September 30, 2024 Order to identify which portions of my testimony are based on my personal knowledge or my review of the records from Citibank, N.A. ("Citibank"), and to clarify that none of my testimony is based on information provided by persons working under my direction and supervision.

2. I am an employee of Citibank, N.A. ("Citibank"), a national bank located in Sioux Falls, South Dakota. Citibank issues credit card accounts to persons throughout the country, including the Home Depot credit card account. Citibank is the sole owner and servicer of the Home Depot-branded credit card accounts.

3. I have worked with Citibank (or its affiliates) in different capacities for approximately 23 years. In connection with my employment, I have personal knowledge of the general business practices of Citibank with respect to its credit card accounts. My responsibilities include the preparation of declarations in connection with litigation involving Citibank, and I am authorized to provide this Declaration for Citibank. I have access to the

business records relating to the credit card accounts issued by Citibank including, in particular, the records of cardmember accounts and the applicable card agreements.

4. The exhibits to this Declaration are all true and correct business records created and maintained by Citibank, or its predecessors and affiliates, in the course of regularly conducted business activity, and as part of the regular practice of Citibank to create and maintain such records, and also were made at the time of the act, transaction, occurrence or event or within a reasonable time thereafter. The statements set forth in this Declaration are true and correct to the best of my knowledge, information and belief. The statements contained herein are based on my personal knowledge or review of Citibank's records, including records pertaining to the Home Depot credit card account issued to plaintiff Jacob Adoni ("Plaintiff"). If called as a witness, I am competent to testify to the statements contained herein.

5. I understand that Plaintiff filed a lawsuit regarding purported conduct by Citibank in connection with a Home Depot credit card account currently ending in 2320 that was issued to Plaintiff on May 24, 2008 ("Account"). This testimony is based on my personal review of Citibank's records. Citibank issued and services the Account. This testimony is based on my personal review of Citibank's records.

6. Based upon my review of the records pertaining to the Account, and as discussed below, I have determined that the Account is subject to an arbitration agreement, which is contained in the written terms and conditions that are reflected in a card agreement, as amended from time to time. This testimony is based on my personal review of Citibank's records.

7. Citibank's records reflect that Plaintiff applied for the Account in person at a Home Depot store in Jericho New York on May 24, 2008. This testimony is based on my personal review of Citibank's records.In order to apply for a Home Depot-branded credit card

account at a Home Depot store, an applicant must go through a standardized application process. This testimony is based on my personal knowledge from my many years of experience at Citibank.

8.  One of the first steps in the Home Depot credit card application process in May 2008 was for the customer to provide his or her identification to the Home Depot store representative, and for the Home Depot store representative to provide the customer a hard copy Consumer Credit Card Application. This testimony is based on my personal review of Citibank's records and on my personal knowledge from my many years of experience at Citibank. The Consumer Credit Card Application includes the Credit Card Disclosures and Terms and Conditions of Offer. This testimony is based on my personal review of Citibank's records. An exemplar copy of the full Consumer Credit Card Application with Credit Card Disclosures and Terms and Conditions of Offer is attached hereto as Exhibit 1. This testimony is based on my personal review of Citibank's records.

9.  Attached as Exhibit 2 is the signature page for Plaintiff's Consumer Credit Card Application, signed by Plaintiff on May 24, 2008. This testimony is based on my personal review of Citibank's records. This signature page would have been attached to and part of the entire hard copy Credit Card Application, including the Credit Card Disclosures and Terms and Conditions of Offer, handed to Plaintiff at the time of application. This testimony is based on my personal review of Citibank's records and my personal knowledge from my many years of experience at Citibank.

10.  A Home Depot-branded Consumer Credit Card Application is not complete, and a Home Depot-branded credit card account cannot be issued, unless an applicant confirms that they have read and agreed to the Credit Card Disclosures and Terms and Conditions of Offer.

This testimony is based on my personal review of Citibank's records. Applicants confirm that they have read and agreed to the Credit Card Disclosures and Terms and Conditions of Offer by signing the signature page. This testimony is based on my personal review of Citibank's records and my personal knowledge from my many years of experience at Citibank.

11. Plaintiff signed the signature page of the Consumer Credit Card Application;



Ex. 2. This testimony is based on my personal review of Citibank's records. The portion above the signature states, in part, "By signing below, I certify that I have read and agree to the CREDIT CARD DISCLOSURES and TERMS AND CONDITIONS OF OFFER, both of which are attached." Plaintiff signed below this section. Ex. 2. This testimony is based on my personal review of Citibank's records.

12. The Terms and Conditions of Offer provided to Plaintiff on May 24, 2008 as part of the Consumer Credit Card Application includes the following provision:

> **Arbitration**
> **The Card Agreement provides that disputes are subject to binding arbitration. Arbitration replaces the right to go to court, including the right to a jury and the right to participate in a class action or similar proceeding. Read the "Arbitration" provision of the Card Agreement carefully.**

Ex. 1 at 8 (emphasis in original). This testimony is based on my personal review of Citibank's records.

13. The Consumer Credit Card Application also states in part "By signing below, … I also agree to be bound by the terms and conditions of the Citibank Card Agreement that will be provided to me if credit is granted." This testimony is based on my personal review of

Citibank's records. Plaintiff signed below this section. Ex. 2. This testimony is based on my personal review of Citibank's records.

14. Plaintiff's application was approved. This testimony is based on my personal review of Citibank's records.

15. Attached as <u>Exhibit 3</u> is an exemplar copy of the Card Agreement governing the Account when it was opened in May 2008. This testimony is based on my personal review of Citibank's records. The Card Agreement was mailed to Plaintiff when the Application was approved at the 19 Chestnut Hill Drive, Oyster Bay NY 11771 address Plaintiff provided on the Application. This testimony is based on my personal review of Citibank's records. Pursuant to Citibank's regular business practice, the Card Agreement was sent by regular mail together with the physical credit card. This testimony is based on my personal review of Citibank's records and on my personal knowledge from my many years of experience at Citibank.

16. I have reviewed Citibank's records for the Account, and there is no record that the postal service returned the Card Agreement or physical credit card as undeliverable. This testimony is based on my personal review of Citibank's records. Pursuant to Citibank's regular business practices, if the mailing had been returned, there would be a notation in the records for the Account. This testimony is based on my personal knowledge from my many years of experience at Citibank.

17. The Card Agreement includes an arbitration provision and a South Dakota choice-of-law provision. This testimony is based on my personal review of Citibank's records.

18. Attached hereto as <u>Exhibit 4</u> is a copy of all available monthly periodic billing statements for the Account, reflecting, among other things, Plaintiff's use of the Account after he received the physical credit card and Card Agreement. This testimony is based on my personal

review of Citibank's records.

19. The monthly periodic billing statements for the Account were mailed to Plaintiff at the 19 Chestnut Hill Drive, Oyster Bay NY 11771 address Plaintiff listed on his Application. Ex. 4. This testimony is based on my personal review of Citibank's records.

20. On or about May 8, 2011, Citibank mailed Plaintiff a change in terms that was attached to and part of his May 8, 2011 billing statement. Ex. 4 at Citibank 5-8. This testimony is based on my personal review of Citibank's records. The May 8, 2011 change in terms attached to his May 8, 2011 billing statement was mailed to Plaintiff at the 19 Chestnut Hill Drive, Oyster Bay NY 11771 address Plaintiff listed on his Application. Ex. 4 at Citibank 1. This testimony is based on my personal review of Citibank's records.

21. I have reviewed Citibank's records for the Account, and there is no record that the postal service returned the 2011 change in terms as undeliverable. This testimony is based on my personal review of Citibank's records. Pursuant to Citibank's regular business practices, if the mailing had been returned, there would be a notation in the records for the Account. This testimony is based on my personal review of Citibank's records and my personal knowledge from my many years of experience at Citibank.

22. The 2011 change in terms included a new card agreement ("2011 Card Agreement") that contained an updated arbitration provision and a South Dakota choice-of-law provision. Ex. 4 at Citibank 5-8. This testimony is based on my personal review of Citibank's records.

23. The 2011 change in terms granted Plaintiff the option to opt out of the changes and the 2011 Card Agreement. Ex. 4 at Citibank 5. This testimony is based on my personal review of Citibank's records.

24.     Citibank's records do not reflect that Plaintiff opted out of the 2011 Card Agreement. This testimony is based on my personal review of Citibank's records. Pursuant to Citibank's regular business practices, if Defendant had opted out of the 2011 Card Agreement, there would be a notation in the records for the Account. This testimony is based on my personal review of Citibank's records and my personal knowledge from my many years of experience at Citibank. Moreover, if Plaintiff opted out of the 2011 Card Agreement, the Account would have been closed. This testimony is based on my personal review of Citibank's records and my personal knowledge from my many years of experience at Citibank. The Account was not closed. This testimony is based on my personal review of Citibank's records.Plaintiff made payments to the Account and used the Account to make purchases after receiving the 2011 change in terms and the 2011 Card Agreement, including payments and charges in May, August, and September 2011. Ex. 4. at Citibank 9, 11 (reflecting charges and payments in May 2011); Ex. 4 at Citibank 21 (reflecting charges and payments in August and September 2011). This testimony is based on my personal review of Citibank's records.

25.     Attached as <u>Exhibit 5</u> is an exemplar copy of a change in terms ("2016 Change In Terms Notice") containing a new Card Agreement ("2016 Card Agreement") for the Account that was mailed to the Plaintiff on or about October 7, 2016. This testimony is based on my personal review of Citibank's records. The 2016 Change In Terms Notice and 2016 Card Agreement were mailed to Plaintiff on or about October 7, 2016 at the 19 Chestnut Hill Drive, Oyster Bay, NY 11771 address Plaintiff listed on the Application. This testimony is based on my personal review of Citibank's records. Pursuant to Citibank's regular business practice, the 2016 Change In Terms Notice and 2016 Card Agreement were sent by regular mail. This testimony is based on my personal review of Citibank's records and my personal knowledge

from my many years of experience at Citibank.

26. I have reviewed Citibank's records for the Account, and there is no record that the postal service returned the mailing as undeliverable. This testimony is based on my personal review of Citibank's records. Pursuant to Citibank's regular business practices, if the mailing had been returned, there would be a notation in the records for the Account. This testimony is based on my personal review of Citibank's records and my personal knowledge from my many years of experience at Citibank.

27. The document attached as Exhibit 5 is a "print proof," which is an exemplar copy of the form letter that was sent to Citibank customers similarly situated to Plaintiff. This testimony is based on my personal review of Citibank's records. The name and account information on the form letter are unrelated to Plaintiff and were randomly selected for purposes of reviewing the "print proof." This testimony is based on my personal review of Citibank's records and my personal knowledge from my many years of experience at Citibank. Citibank does not retain the physical copy of the letter sent to Plaintiff, but Citibank's records show the identical form 2016 Change in Terms Notice and 2016 Card Agreement were mailed to Plaintiff with his Account information. This testimony is based on my personal review of Citibank's records and my personal knowledge from my many years of experience at Citibank.

28. The 2016 Card Agreement contains an updated arbitration provision and a South Dakota choice-of-law provision. Ex. 5. This testimony is based on my personal review of Citibank's records.

29. The 2016 Card Agreement permitted Plaintiff the opportunity to opt out of the arbitration provision. This testimony is based on my personal review of Citibank's records.

30. Citibank's records do not reflect that Plaintiff opted out of the arbitration

provision. This testimony is based on my personal review of Citibank's records. Pursuant to Citibank's regular business practices, if Defendant had opted out of the arbitration provision, there would be a notation in the records for the Account. This testimony is based on my personal review of Citibank's records and my personal knowledge from my many years of experience at Citibank.

31. Plaintiff made used the Account to make purchases after receiving the 2016 Card Agreement, including charges in May and June 2017, which was after the deadline for Plaintiff to reject the arbitration provision. Ex. 4. at Citibank 259 (reflecting charges and payments in May and June 2017). This testimony is based on my personal review of Citibank's records.

32. Citibank statements were mailed to Plaintiff at the 19 Chestnut Hill Drive, Oyster Bay, NY 11771 address. Ex. 4. This testimony is based on my personal review of Citibank's records.

33. Citibank also regularly communicated with Plaintiff at the 19 Chestnut Hill Drive, Oyster Bay, NY 11771 address. This testimony is based on my personal review of Citibank's records. By way of example, on March 19, 2021, Citibank responded to an inquiry from Plaintiff at this address. A true and correct copy of that letter is attached as Exhibit 6. This testimony is based on my personal review of Citibank's records.

34. Based upon my review of the records for the Account, Plaintiff was issued a replacement credit card for the Account in 2013. This testimony is based on my personal review of Citibank's records. That replacement credit card was sent to the 19 Chestnut Hill Drive, Oyster Bay, NY 11771 address on file. This testimony is based on my personal review of Citibank's records.

35. As made clear from the above, all of my testimony is based on my personal

review of Citibank's records and my personal knowledge from my many years of experience at Citibank. While my prior declaration indicated it was possible some testimony could be based on information provided by persons working under my direction or supervision, in this instance none of my testimony was based on information provided by persons working under my direction and supervision.

    I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of October, 2024, at Atlanta, Georgia.

_____
Andrew Grayot